959 F.2d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John Michael WILLIAMS, Petitioner-Appellant,
v.
AL C. PARKE, Warden, Respondent-Appellee.
 No. 91-6230.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1992.
 
 1
 Before RALPH B. GUY, Jr., and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, John Michael Williams was convicted of criminal possession of a forged instrument and making a false statement on a debit card application. He pleaded guilty to a charge of being a second degree persistent felony offender and received enhanced sentences totaling ten years imprisonment. The Kentucky Court of Appeals affirmed the convictions; the Kentucky Supreme Court denied Williams's motion for discretionary review.
 
 
 4
 Williams's first application for federal habeas relief was denied, and the denial was affirmed on appeal. Williams v. Parke, No. 90-5338 (6th Cir. Dec. 11, 1990) (unpublished). The claims which were addressed included the use of evidence obtained pursuant to an illegal arrest, the prosecution's use of false testimony, and the admission of a photocopy rather than an original document as evidence.
 
 
 5
 Williams filed a second petition for a writ of habeas corpus in which he claimed he received ineffective assistance of counsel on appeal. He alleged that his appellate counsel erred by failing, first, to competently litigate his Fourth Amended claims, and second, to raise and advance the issue of insufficient evidence to support the convictions for possession of a forged instrument and making a false statement on an application for a debit card.
 
 
 6
 The matter was referred to a magistrate judge who recommended that the petition be dismissed. Following de novo review in light of Williams's objections, the district court adopted the recommendation to dismiss. This appeal followed.
 
 
 7
 Upon review, we conclude that the petition was properly dismissed. Williams failed to show that counsel's performance was deficient and that he was prejudiced by the alleged deficiencies. See Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 8
 First, Williams's allegation that his appellate counsel failed to litigate his claim of a Fourth Amendment violation is not supported by the record. The allegation that counsel was incompetent appears an attempt to reassert a claim addressed in his prior petition. Because he has not made a colorable showing of innocence, his arguments are not subject to review. See Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 9
 Next, Williams claimed that appellate counsel was ineffective for failing to argue insufficiency of the evidence to support the convictions. This claim also lacks merit. Reviewing the evidence in a light favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that the check was forged and that Williams gave false information on the debit card application. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Therefore, appellate counsel's failure to pursue the claim of insufficient evidence was not prejudicial.
 
 
 10
 Accordingly, the district court's order dismissing the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation